UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CRAIG VAN DEN BRULLE, doing
business as CAPITOL
FURNISHINGS,

    Plaintiff,

- vs. -

NIEDERMAIER INC., JUDY
NIEDERMEIR and RIO HAMILTON,

    Defendants.

CIVIL ACTION NO.
06 - ___
( )

**COMPLAINT AND JURY DEMAND**

---

Plaintiff, Craig Van Den Brulle, doing business as CAPITOL FURNISHINGS, by and through his undersigned counsel, for his complaint against defendants NIEDERMAIER INC., JUDY NIEDERMEIR and RIO HAMILTON, states as follows:

### Jurisdiction and Venue

1. This is an action for copyright infringement arising under the Copyright Act of 1976, as amended, 17 U.S.C.A. §§101 et seq.

2. This Court has jurisdiction of the action by virtue of 28 U.S.C.A. §§1331 and 1338.

3. Venue is proper under 28 U.S.C.A. §§1391(b) and 1400(a) because the claims arose within this district and each of the defendants reside and are found within this district.

**Parties**

4. Plaintiff Craig Van Den Brulle is a visual artist and sculptor doing business at 259 Elizabeth Street, New York, New York, where he operates a gallery and retail establishment under the name Capitol Furnishings.

5. Defendant Niedermaier, Inc. is, upon information and belief, an Illinois corporation doing business in its gallery at 979 Third Avenue, New York, New York.

6. Defendant Judy Niedermaier is, upon information and belief, an individual residing at Chicago, Illinois and is the principal and chief operating officer of Niedermaier, Inc.

7. Defendant Rio Hamilton is, upon information and belief, an individual residing at 414 West Broadway, New York, New York and is the manager of Niedermaier, Inc.'s New York gallery.

**Count One: Direct Copyright Infringement**

8. Mr. Van Den Brulle realleges and incorporates herein by reference each of the allegations in the foregoing paragraphs of the Complaint.

9. Attached to the Complaint as Exhibit A, and incorporated herein by reference, are copies of an original work by Mr. Van Den Brulle known as Lucite Obelisks.

10. Each original work listed in Exhibit A contains material wholly original with Mr. Van Den Brulle and is copyrightable under the Copyright Act.

11. Mr. Van Den Brulle has filed his design with the United States Copyright Office in full compliance with the Copyright Act.

12. At all times relevant herein, Mr. Van Den Brulle has been and still is the owner of the exclusive rights to reproduce and distribute, and to authorize the reproduction and distribution of the original work set forth in Exhibit A (the "Lucite Obelisks").

13. The Lucite Obelisks were, beginning in or around 2000, sold on Mr. Van Den Brulle's behalf by high-end retail establishments such as Neiman Marcus and Bergdoff Goodman, as well as directly through Capitol Furnishings by Mr. Van Den Brulle.

14. Beginning in approximately 2003, Mr. Van Den Brulle contracted with Niedermaier, Inc. for the latter to show and, on his behalf, sell his original Lucite Obelisks at its galleries.

15. From this time through late 2005, Neidermaier, Inc. sold a number of Lucite Obelisks and paid commissions to Mr. Van Den Brulle.

16. Mr. Van Den Brulle has never authorized any defendant to copy or duplicate any of his original works or to offer for sale or sell any copies of his original works.

17. In late 2005, Mr. Van Den Brulle learned that the Niedermaier, Inc. galleries were selling more Lucite Obelisks than they were buying from him.

18. During this period of time, the Niedermaier, Inc. galleries continued to carry and promote the Lucite Obelisks and to hold them out to the public as the work of Mr. Van Den Brulle.

19. On September 27, 2005, counsel for Mr. Van Den Brulle wrote to Niedermaier, Inc., care of defendant Rio Hamilton, and demanded that it cease reproducing and selling reproductions of Mr. Van Den Brulle's original works.

20. On October 25, 2005, defendant Judy Niedermaier wrote back to Mr. Van Den Brulle's attorney, stating, "We at Niedermaier would like to have a cordial relationship with Capital. We will sell out the obelisks that we have and put through another design in the near future."

21. The "obelisks" referred to in the email from defendant Judy Niedermeier were the unauthorized reproductions complained of herein.

22. Notwithstanding the promise contained in the email from defendant Neidermaier, Niedermaier, Inc. continued and continues until this day to cause reproductions or derivative works to be made of Mr. Van Den Brulle's original design, and to sell those reproductions or derivative works.

23. Each and every of defendants' acts, as alleged herein, are infringements of Mr. Van Den Brulle's copyrights.

24. Each and every defendant has committed all of the aforesaid acts of infringement deliberately and willfully.

25. Each and every defendant has continued to infringe Mr. Van Den Brulle's copyrights, and unless permanently enjoined by order of this Court, will continue to infringe Mr. Van Den Brulle's copyrights, causing Mr. Van Den Brulle irreparable harm.

26. Mr. Van Den Brulle has sustained, and will continue to sustain, substantial injuries, loss and damage to his exclusive rights under the copyright laws regarding the original works listed in Exhibit A, and Mr. Van Den Brulle has sustained and will continue to sustain damages from the loss of value of the exclusive rights thereunder by reason of each and every defendant's conduct.

### Count Two: Contributory Copyright Infringement

17. Mr. Van Den Brulle realleges and incorporates herein by reference each of the allegations in the foregoing paragraphs of the Complaint.

18. Defendants have, upon information and belief, caused a third person to manufacture unauthorized reproductions or derivative works of Mr. Van Den Brulle's original Lucite Obelisks..

24. Defendants have continued to permit, encourage, and facilitate the infringement of Mr. Van Den Brulle's copyrights, and unless permanently enjoined by order of this Court will

continue to permit, encourage, and facilitate the infringement of Mr. Van Den Brulle's copyrights, causing Mr. Van Den Brulle irreparable harm.

26. Mr. Van Den Brulle has sustained, and will continue to sustain, substantial injuries, loss and damage to his exclusive rights under the copyright laws regarding the original works listed in Exhibit A, and Mr. Van Den Brulle has sustained and will continue to sustain damages from the loss of value of the exclusive rights thereunder by reason of defendants' conduct.

## Prayer for Relief

WHEREFORE, Mr. Van Den Brulle prays for judgment as follows:

1. That Defendants and all defendants be permanently enjoined from directly or indirectly:

   (a) duplicating, manufacturing, or copying any copyrighted original work of Mr. Van Den Brulle;

   (b) selling, lending, exchanging, trading, or distributing any unauthorized audio tape cassettes or other unauthorized copy of any copyrighted original work of Mr. Van Den Brulle;

   (c) offering to do any of the acts enjoined in subparagraphs (a) and (b) above; and

(d) in any manner infringing or contributing to or participating in the infringement by others of any of Mr. Van Den Brulle's copyrights in original works.

2. That Defendants be required to deliver to Mr. Van Den Brulle all unauthorized copies of Mr. Van Den Brulle's copyrighted works, in any form as are herein alleged to infringe any of Mr. Van Den Brulle's copyrights. At the time of delivery, Defendants each must provide Mr. Van Den Brulle with a sworn affidavit, signed before a notary public and two witnesses, stating that all unauthorized copies of Mr. Van Den Brulle's copyrighted works, that are in their possession, held for delivery to them or under their control, are being delivered to Mr. Van Den Brulle.

3. Defendants each be required to pay to Mr. Van Den Brulle statutory damages of up to $30,000 for each of their copyright infringements with respect to each copyright. If the Court finds that any infringement was committed willfully, Mr. Van Den Brulle prays for statutory damages of up to $150,000 for each copyright for all willful infringements with respect to those works.

4. That Mr. Van Den Brulle recover reasonable attorney's fees and costs of the suit incurred herein.

5. That Mr. Van Den Brulle have such other relief as this Court deems just and proper

Dated:  April 11, 2006

*[signature: Ronald D. Coleman]*

Ronald D. Coleman
COLEMAN LAW FIRM
A Professional Corporation
Ronald D. Coleman (RC 3875)
Attorneys for Plaintiff
Craig Van Den Brulle
1350 Broadway - Suite 1212
New York, NY  10018
(212) 752-9500

## JURY DEMAND

Plaintiff demands trial by jury.

Dated:  April 11, 2006

*[signature: Ronald D. Coleman]*

Ronald D. Coleman
COLEMAN LAW FIRM
A Professional Corporation
Ronald D. Coleman (RC 3875)
Attorneys for Plaintiff
Craig Van Den Brulle
1350 Broadway - Suite 1212
New York, NY  10018
(212) 752-9500